George M. VASILJ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24150.

United States Court of Appeals, Ninth Circuit.

April 30, 1970.

Certiorari Denied June 29, 1970. See 90 S.Ct. 2245.

Roland S. Barcume (argued), Newport Beach, Cal., for appellant.

Tom Kotoske (argued), Asst. U.S. Atty., Wm. Matthew Byrne, Jr., U.S. Atty., Robert L. Brosio, Theodore E. Orliss, Asst. U.S. Attys., Los Angeles, Cal., for appellee.

Before ELY and WRIGHT, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

This is an appeal from a conviction for refusal to submit to induction under the Universal Military Training Act, 50 U.S.C. App. § 462.

Appellant properly registered with his local board and was initially classified II–S. On August 8, 1966, he was classified I–A. A timely appeal was taken. In a personal appearance before his local board and in his statement to the appeal board, appellant claimed that he was the "sole surviving male member of (his) family". This claim has now been abandoned.

The appeal was denied September 21, 1967.[1] On November 29, 1967, appellant was ordered to report for induction on December 12, 1967. A temporary restraining order was issued by this court. By letter dated January 2, 1968, the local board ordered appellant to report for induction on January 24, 1968, calling his attention to his continuing duty to report for induction under Selective Service Regulation 1642.2. Appellant failed to report for induction, and this prosecution followed.

---

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

1. While appellant was again classified I–A following his personal appearance before the local board on September 8, 1966, his file was not forwarded to the appeal board until September 14, 1967.

In the meantime, on December 7, 1967, appellant filed a suit against his local board for damages and for an injunction to prevent his induction. The district court held that it lacked jurisdiction in light of 50 U.S.C. App. § 460(b) (3).[2] Appellant contended on appeal in the civil action, as he does here, that § 460(b) (3) is unconstitutional as violative of the due process clause of the Fifth Amendment. In affirming the district court in the civil action (Vasilj v. Local Board No. 134, et al., 422 F.2d 861, decided December 22, 1969) we held that this issue is no longer open, having been decided adversely to appellant's contention in Clark v. Gabriel, 1968, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, reh. den. 393 U.S. 1112, 89 S.Ct. 853, 21 L.Ed.2d 812 (1969), and that appellant was not within the exception to section 460(b) (3) carved by the companion case of Oestereich v. Selective Service Board, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402. This disposes of appellant's primary contention on this appeal.

Appellant complains of the failure of Selective Service and the district court to consider evidence of his physical condition, contending that he is "industrially blind" and thereby disqualified from service in the Armed Forces. Appellant's position finds no support in either the Selective Service file or the record in the district court.

The Selective Service file discloses that on his Classification Questionnaire, received by the local board on November 8, 1965, appellant indicated that he suffered from "a vision defect" which would "disqualify (him) for service in the Armed Forces". A current questionnaire received August 22, 1966, contained the notation "sight impediment—very slight case of hay fever". A third questionnaire received October 17, 1966, contained the statement "have an eye condition causing the eyes to cross".[3]

On December 22, 1966, appellant reported for a preinduction examination and was found "acceptable" for military service. The report on the eye examination shows distant vision as 20/400, corrected to 20/30, in each eye. The summary of defects reads: "Esophoria and myopia[4] (see letter) (w/in acceptable limits)". Two letters from appellant's own eye specialist, Dr. B. E. Reasoner, dated September 21, 1966, and December 13, 1966, were "reviewed and considered".[5]

A statement of acceptability was mailed to appellant on January 3, 1967. By letter dated January 10, 1967, appellant's counsel requested a "second examination". In reply the local board stated that "the acceptability of a registrant

2. 50 U.S.C.App. § 460(b) (3) provides in relevant part:
"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this title, * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

3. Both appellant and the local board prepared summaries of appellant's appearance before the board on September 8, 1966. Both summaries refer to appellant's claim that he was a sole surviving son and his possible claim for a student deferment. Neither made any reference to the claimed vision defect; nor did appellant's statement to the appeal board.

4. "Esophoria" is defined as "inward deviation of an eye only when it is covered and fusion is prevented", and "myopia" as "nearsightedness".

5. Dr. Reasoner's letter of December 13, 1966, reads in part:
"In conclusion it may be said that this patient has a moderate degree of myopia and also has a marked esophoria with prisms included in his lens to reduce the extent of the esophoria that he has. This is not a cure as far as the disease is concerned, but it does give him relief from the symptoms.
"So far as further treatment is concerned an increase in the prisms or perhaps eye muscle surgery may be necessary later."

\* \* \* is determined by the Armed Forces Examining and Induction Station"; and that, "Doctor's letters submitted by this registrant were considered at the time of physical examination and he was found wholly acceptable". The letter concluded: "Any further medical letters he wishes to submit will be included with his papers when he is ordered to report for induction."

Had appellant reported for induction he would have received a final physical examination.[6] 32 C.F.R. §§ 1632.5, 1632.14, 1632.16, 1632.30. The local board was not required to hear further evidence with respect to appellant's alleged physical impairment; nor was the district court. There was clearly a "basis in fact" for the classification given appellant within the rule of Estep v. United States, 1945, 327 U.S. 114, 66 S. Ct. 423, 90 L.Ed. 567.

The letter of January 2, 1968, was an order to report on January 24, 1968.[7] There is no evidence that it was otherwise construed by appellant. The postponement of induction did not render invalid the Order To Report For Induction (SSS Form 252). 32 C.F.R. § 1632.2(d). It was not necessary to issue another formal order. Beierle v. United States, 9 Cir. 1968, 400 F.2d 128, 132.

Nor is there merit in appellant's contention that the orders were not properly signed by an authorized officer. The person who signed the name of the chairman to each order was authorized by board resolution to do so, pursuant to 32 C.F.R. § 1604.59. In any event no prejudice was shown. United States v. Cralle, 9 Cir. 1969, 415 F.2d 1065, 1067.

Affirmed.

6. Appellant was so advised by the order to report for induction, which reads in part: "If you wear glasses bring them. \* \* \* If you have any physical or mental condition which, in your opinion, may disqualify you for service in the Armed Forces, bring a physician's certificate describing that condition, if not already furnished to your local board. \* \* \* You may be found not qualified for induction. Keep this in mind in arranging your affairs, to prevent any undue hardship if you are not inducted".

7. Appellant was first ordered to report on September 27, 1967. This order was cancelled by letter dated Sepember 12, 1967, pursuant to 32 C.F.R. § 1626.41, by reason of the pending appeal. The letter did not reopen appellant's classification. A second Order To Report For Induction was issued on November 29, 1967.