**UNITED STATES of America,**
**Appellee,**

v.

**Thomas Fitch GOODMAN, Appellant.**
**No. 25484.**

United States Court of Appeals,
Ninth Circuit.

March 16, 1971.

Odra L. Chandler, of Chandler & Armstrong, Anaheim, Cal., for appellant.

George Rayborn, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellant.

Before BARNES and DUNIWAY, Circuit Judges, and SOLOMON *, District Judge.

SOLOMON, District Judge:

Thomas Fitch Goodman, a lawyer, appeals *in propria persona* from a jury trial conviction for his failure to report for induction in violation of 50 U.S.C. App. § 462. He contends that his local board denied him procedural due process by failing to give him a medical interview when he requested a IV-F classification after he received a notice of induction. He also contends that the trial court erred in its evidentiary rulings and jury instructions.

Goodman registered with his local board on August 5, 1960. He did not claim a disabling physical condition in the classification questionnaire (SSS Form 100) he mailed to the board in October, 1963. He passed an Army physical on September 26, 1966.

In early 1967, Goodman began to practice law in California. During 1967, Goodman was treated by Dr. Mark Maxwell for ear drainage, headaches, nausea, and dizziness. The symptoms appeared periodically and lasted for two or three days.

On February 29, 1968, the California Appeal Board classified Goodman I-A. A short time later, the local board ordered Goodman to report for induction on March 26, 1968. On March 24, Goodman requested a student deferment on the ground that he had re-entered college in January, 1968, as a full-time student to pursue a Bachelor of Arts degree in Business Administration. The board postponed his induction even though it knew Goodman was a practicing attorney.

On July 29, 1968, after the end of the school year, the board notified Goodman to report for induction on August 13, 1968, pursuant to the earlier order. Goodman did not receive the notice until August 7, 1968, because he did not notify the board that he had changed his address.

Immediately thereafter, Goodman visited Dr. Maxwell. On Friday, August 9, Goodman sent the board by regular mail a medical report and a request for a IV-F classification, claiming that he was suffering from one of the disqualifying conditions set out in Army Regulation 40–501. The board did not receive Goodman's request until Monday, August 12, one day before his scheduled induction.

The board did not respond to Goodman's request and Goodman did not report for induction. His indictment and conviction followed.

Goodman claims he was entitled to a medical interview pursuant to 32 C.F.R. § 1628.2(b)[1] even though the board received his request for a IV-F classification one day before his scheduled induction and even though he did not specifically request a medical interview. He further contends that the board was required to postpone his induction order in order to consider his request and schedule a medical interview.

The purpose of a medical interview is to screen and disqualify those registrants who have obvious physical defects. 32 C.F.R. § 1628.1. The right to a medical interview at the registrant's request only exists before the registrant has had an Armed Forces physical examination. Operations Mem-

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

1. This section was revoked on August 26, 1970. It provided: "Whenever a registrant who is in class I-A, Class I-A-O, or Class I-O claims that he has one or more of the disqualifying medical conditions or physical defects which appear in the list described in section 1628.1, the local board shall order him to present himself for an interview with the medical advisor to the local board by mailing to such registrant a Notice of Registrant to Appear for Medical Interview (SSS Form 219)."

orandum No. 327;[2] United States v. Smith, 423 F.2d 559 (9th Cir. 1970).

■ Goodman had already passed his Army physical examination on September 26, 1966. If his request for a IV-F had been timely, he would have been examined by the Armed Forces Examining and Entrance Station. But on the day before he was scheduled for induction, the local board was not required to do anything other than to advise him of his right to present the claim at the induction physical examination. See Footnote 2. Since Goodman did not report, it did not do this.

Goodman contends that there was insufficient evidence of intent to support a conviction either at the end of the government's case or at the conclusion of all the evidence.

There was evidence that:

(1) Goodman passed an Army physical examination.

(2) He was classified I-A on September 11, 1967, and was notified of his classification.

(3) He appealed his classification and requested an interview with the appeals agent.

(4) On December 13, 1967, he told the appeals agent that he was practicing law, that he wanted to stay out of the service, and that he was not about to give up $25,000 a year to go into the service even if he had to marry someone with a child.

(5) The Appeal Board affirmed Goodman's I-A classification on February 29, 1968.

(6) He was ordered to report for induction on March 26, 1968.

(7) Two days before Goodman was to report, he requested a student deferment because he had re-entered college to obtain a Bachelor of Arts degree in Business Administration. His reporting date was postponed.

(8) At the end of the school year, he was again notified to report for induction on Tuesday, August 13, 1968, at 8:00 A.M. On the previous Friday (August 9, 1968), in a letter to the local board, sent by regular mail, he applied for a IV-F classification on physical grounds. He made no other attempt to get in touch with the local board.

(9) He knew he had the right to present his medical claims to the medical examiner at the Induction Center.

(10) He voluntarily and intentionally failed to report for induction.

We find that there was ample evidence, both in the Selective Service file and in the other evidence adduced at the trial, from which the jury could find intent to violate the provisions of the Selective Service law. Harris v. United States, 412 F.2d 384 (9th Cir. 1969).

■ Goodman also contends that the trial court erred when it refused to permit the physician who was treating Goodman at the time of the trial[3] to corroborate Goodman's testimony that he honestly believed he was medically disqualified for induction and that the induction order was invalid. He also contends that the court erred when it refused to allow the jury to see 32 C.F.

---

2. Operations Memorandum No. 327 was revoked on August 26, 1970. It provided:

"3. The claimed defect must be one that has not been previously presented and evaluated by the local board Medical Advisor or the Armed Forces Examining and Entrance Station. If the registrant has already had his physical examination, the papers submitted should be sent to the Examining Station for evaluation by the physicians there. If the registrant has not been examined, the procedures of section 1628.2(b) should be followed.

"4. In the event the claim is made after an induction order is issued, the evidence should be attached to the examination papers with a note directing the attention of the examining physician to the changed or new physical condition. If the examination papers have been mailed to the station, the registrant should be advised to take the evidence with him and present it to the examining physician at the time of induction."

3. The physician who treated Goodman when he refused induction died before the trial.

R. § 1628.2(b). Both the regulation and the doctor's testimony were properly excluded because "good faith" would not excuse Goodman from his obligation to comply with the order to report for induction. United States v. More, 436 F. 2d 938 (9th Cir. January 13, 1971); United States v. Shunk, 438 F.2d 1204, (9th Cir. February 19, 1971). The regulation and the doctor's testimony were also irrelevant on the issue of whether Goodman had the requisite intent to violate the law. Harris v. United States, *supra*.

■ Goodman also contends that the trial judge erred when he instructed the jury, "There is no law which excuses the failure to report for induction when ordered * * *." [4] This instruction was taken out of context. Instructions must be considered as a whole. When so considered, the instructions which the trial court gave are neither misleading nor prejudicial; in fact, they are more favorable to Goodman than that to which he was entitled under Harris v. United States, *supra*.

Goodman asserts that the Court erred in several other respects, some of which find that each of such claimed errors has no merit and does not justify discussion.

Affirmed.

---

4. When the jury returned for further instructions on the regulations, the Court stated: "This regulation to which I have made reference is an Army regulation. I took judicial notice of it. It had to do with the question of illnesses. It does not have to do with the question of—it does not destroy the validity of the order to report. But in this case the Government must not only prove beyond a reasonable doubt that the defendant failed to report, but it must also prove that the defendant knowingly failed to report as required by the law, intending with bad purpose either to disobey or disregard the law."

The jury foreman asked, "What is the law or regulations whereby a man may legally not report for induction as ordered?"

The Court instructed,

"There is a procedure, which was mentioned by the defendant in his letter dated August 9, 1968, to the local board, whereby a person may request a reclassification by the local board; but if the board does not grant the reclassification the order to report remains in legal effect.

"There is no law which excuses failure to report for induction when ordered, when it is ordered; but before you can convict the defendant of the crime charged the Government—it must be established, it must be established beyond a reasonable doubt, that the defendant intended with bad purpose to either disobey or to disregard the law in failing to report."