**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mark Claude McKINLEY, Defendant-**
**Appellant.**

**No. 71-1695.**

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1971.

Jerry E. Berg, of Collins, Hays, Stewart, Sanford, Berg & Pott, Inc., San Jose, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Chief, Crim. Div., John F. Cooney, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY, HAMLIN and KILKENNY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant McKinley was convicted of refusing to submit for induction into the armed services in violation of 50 U.S.C. App. § 462. Appellant appeals in forma pauperis, and we affirm.

The facts surrounding appellant's refusal are uncontroverted: On December 16, 1968, appellant was classifed 1–A by his local board. At a subsequent pre-induction physical, he was found acceptable. On November 7, 1969, appellant's local board mailed him a Current Information Questionnaire (SSS Form 127), and he was instructed to fill it out and return it to the board. In the part of that questionnaire entitled "Physical Condition," the question was asked: "If you have any physical or mental condition which, in your opinion, will disqualify you for service in the Armed Forces, state the condition and submit a physician's statement, if you have one, with this form or submit such a statement at a later date." Appellant made the following written response therein to the query: "I am physically and mentally uncapable [sic] of killing another human being." On November 21, 1969, he was mailed his Order to Report for Induction, instructing him to report on December 8, 1969. He appeared on that date, but failed to take the symbolic step forward.[1]

Appellant contends that the district court erred in finding that the local board, when confronted with the aforementioned information in the Current Information Questionnaire, was not required to furnish appellant with a Form 150 (Conscientious Objector) and reopen his classification.

 It is well established that when the local board is presented with nonfrivolous facts, which, if true, would constitute a prima facie claim for exemption or deferment, the board must reopen and reconsider the registrant's classification. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). See also 32 C.F.R. § 1625.2. In order to qualify for conscientious objector status, the facts presented must clearly establish that the registrant has brought himself within the three basic tests recognized by the Supreme Court in recent decisions. First, he must show that he is conscientiously opposed to war in any form, not selectively to some wars. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). Second, he must show that his opposition is grounded upon religious training and belief, as construed by the Court in recent decisions. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). Third, and finally, he must show evidence of sincerity. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

In United States v. Weaver, 423 F.2d 1126 (9th Cir.1970), we rejected a contention by a registrant that he was entitled to conscientious objector status upon a showing of considerably greater substance than was made herein. Noting that the burden was upon registrant to show his entitlement to the classification, we there held that the mere acknowledgment of a supreme being and a statement of opposition to killing fellow human beings was inadequate to establish a prima facie claim to conscientious objector status, for it offered no indication the opposition was related to the registrant's religious training and belief, coming within the *Seeger* standard.

 We are compelled to find there was no duty to reopen in light of the information communicated by appellant which fell far short of establishing, if true, a prima facie claim. Moreover,

---

1. Appellant's Selective Service File shows that after he was given his preinduction physical, he wrote the local board in an effort to notify it that he had become an ordained minister. In reply, the board sent a Questionnaire for Registrants Claiming IV–D (Theology Student and Minister Exemption), but appellant failed to complete it and return it to the board for its consideration.

given the substance of the communication and the context in which it arose, we further believe that it would be wholly unreasonable to construe appellant's statement as a request for a Form 150. To so hold would demand far too much of the local board in reviewing communication from registrants.

Finally, appellant points to the failure of the local board to meet between the time the Current Information Questionnaire was received and the Order to Report for Induction was issued, and contends that this was prejudicial procedural error. This contention must be rejected in light of the failure to present facts making it mandatory that the board reopen. There being no duty to reopen, appellant cannot predicate prejudicial error upon the failure to consider the claim.

Affirmed.