**UNITED STATES of America,**
**Appellee,**

v.

**Robert Carl MILLER, Appellant.**

**No. 71–2040.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1972.

---

Stephen Arian (argued), San Francisco, Cal., for appellant.

John Cooney, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN,* Judge, United States Court of Claims, CARTER, Circuit Judge, and POWELL,** District Judge.

PER CURIAM:

Appellant, Robert Carl Miller, appeals from a judgment of conviction for violation of 50 App.U.S.C. § 462. The sole defense tendered by the appellant is that the local board committed procedural error when it failed to consider a letter from his psychiatrist at the time he made a personal appearance before the board seeking to reopen his classification.

Appellant was classified, 4–F September 17, 1964 following incarceration by the California Youth Authority, and on June 10, 1965 reclassified I–Y during a period of parole, which terminated August 18, 1966. On November 10, 1966 appellant reported to the Armed Forces Entrance and Examining Station [hereinafter AFEES] for a pre-induction physical and was rejected, apparently for psychiatric reasons (SSF 42). Appellant was next examined on September 15, 1967, at which time he was given a neuro-psychiatric consultation and found to be disqualified. The local board rescheduled another examination on December 8, 1967, at which time appellant was determined to be acceptable. And on February 21, 1968 the board classified him I–A.

After being classified I–A, by letter dated March 19, 1968, appellant requested a personal interview with the government appeal agent. At the meeting with the appeal agent a letter was submitted from a private psychiatrist, Dr. Jacobi. This ten-page letter contained an in-depth review of the appellant's past and current psychiatric problems; it also included a diagnosis: psychosis, schizophrenic reaction, paranoid type; sociopathic personality, primarily affectional (SSF 64–74). This letter, along with the appellant's complete medical file, was transmitted to AFEES for re-evaluation. Appellant, after submitting the letter, requested and was granted a personal appearance before the local board, which took place May 15, 1968. The local board immediately reviewed the appellant's file and sent him notice on May 17, 1968 that his classification would not be reopened and that his file had been forwarded to the appeal board.

Appellant was again ordered to report to AFEES on June 12, 1968 for a neuro-psychiatric consultation. No disqualifying disorder was found. A day later, on June 13, 1968, the appeal board reviewed appellant's file and upheld his classification as I–A. During both the personal appearance by appellant and the review by the appeal board, the letter from Dr. Jacobi remained at AFEES (RT 21–23) until about June 18, 1968, when the local board informed appellant that Dr. Jacobi's letter had been returned by AFEES stating that re-evaluation was not warranted (SSF 118). Thereafter the appellant sought review by the Army Surgeon General, who also found him to be qualified for military service.

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

** Honorable Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation.

Appellant contends that he was denied the right to have the local board properly exercise their discretion to reopen his file because the board never reviewed the letter submitted from his private physician. Appellant specifically contends that the letter from Dr. Jacobi was new evidence which the board was required to review. This letter was not reviewed by the board, but sent directly to AFEES for medical evaluation. The Government contends that the board is under no such duty.

United States v. Ford, 431 F.2d 1310 (1st Cir. 1970), presented just such an issue. There, the registrant submitted letters from his personal physician and psychiatrist which were not brought to the attention of the local board, but sent to AFEES for medical evaluation. The court stated:

"If the reposing of discretion in the board is to have meaning and substance, it must be that the facts prerequisite to the exercise of judgment should come to its attention." (at 1312)

See also, United States v. Shermeister, 425 F.2d 1362, 1363–1364 (7th Cir. 1970); United States v. Pyrtle, 423 F.2d 772, 775 (8th Cir. 1970).

■■ The local board is established by 50 App. U.S.C. § 460(b) (3) as the sole authority to classify persons under the Selective Service Act. 32 C.F.R. § 1622.1(c). In Eagles v. United States ex rel. Samuels, 329 U.S. 304, 315, 67 S. Ct. 313, 319, 91 L.Ed. 308 (1946) the Supreme Court stated:

"It is plain that the local boards and the boards of appeal may not abdicate their duty by delegating to others the responsibility for making classifications. That is their statutory function."

Encompassed within this broad authority is the duty of the board to reopen classifications upon a showing of new information which, if true, would warrant a change of classification. 32 C.F. R. § 1625.2. Of course, not every submission of new evidence requires the

board to reopen. Mulloy v. United States, 398 U.S. 410, 415, 90 S.Ct. 1766, 1770, 26 L.Ed.2d 362 (1970), expressly requires the registrant to ". . . set out new facts that establish a prima facie case for a new classification . . . ." The prejudice suffered from a failure to reopen, as noted in *Mulloy*, is the loss of the subsequent rights of personal appearance and appeal. See 32 C.F.R. §§ 1625.11–1625.14. This prejudice is sufficient to deny due process of law.

■ Although a presumption of regularity surrounds the actions of the board, United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926), if the information presented to the board is not reviewed, the burden shifts to the Government to show regularity. United States v. Bellmer, 404 F.2d 132, 134–135 (3rd Cir. 1968). And it has been pointed out that determinations by local board clerks which are not brought to the attention of and passed upon by the local board jeopardize the validity of subsequent proceedings. United States v. Stoppelman, 406 F.2d 127, 130–131 (1st Cir. 1969).

■■ The Government has not sustained its burden of showing regularity. While medical acceptability may be determined by AFEES, 32 C.F.R. § 1628; Vasilj v. United States, 425 F.2d 1134, 1136–1137 (9th Cir. 1970), classification is not. The classification process is discretionary and demands that the board take an overall view, and form a composite picture of the registrant under applicable physical, mental and moral standards. See 32 C.F.R. §§ 1622.17 and 1622.44; United States v. Bagley, 436 F.2d 55 (5th Cir. 1970). The board's failure to review new information submitted by appellant is not consistent with the demands thus imposed.

■ We adopt therefore the rule of the *Ford* decision, that the board's discretion to reopen must be exercised in an intelligent manner, based upon a review of all the information then availa-

ble to them, including information forwarded for medical evaluation. We do not find, as the Government urges, the decisions of United States v. Smith, 423 F.2d 559 (9th Cir. 1970) and United States v. Goodman, 439 F.2d 810 (9th Cir. 1971), to preclude such a rule.

Reversed.