**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gilbert Joseph De LISO, Defendant-
Appellant.**

**No. 72-2135.**

United States Court of Appeals,
Ninth Circuit.

Oct. 24, 1972.

Robert A. Kantor (argued), San Francisco, Cal., for defendant-appellant.

Robert E. Carey, Asst. U. S. Atty. (argued), Frederic F. Tilton, Chester G. Moore, III, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and McNICHOLS,* District Judge.

PER CURIAM:

Following a bench trial, jury having been waived, appellant, De Liso, was found guilty of violation of 50 U.S.C. App. § 462(a) for refusal to submit to induction in the Armed Services.

In 1965, De Liso was, upon registration, initially classified I-A and found physically acceptable for induction. He subsequently applied for and was granted a series of student deferments under a II-S classification. Upon a determination by the local board that the registrant was no longer eligible for the student classification, he was, on July 14, 1970, once more classified as I-A. No appeal was taken from this classification determination by the local board. On September 21, 1970, De Liso was ordered to report on October 28, 1970, for induction. At this time some 32 months had elapsed since the original pre-induction physical.

Appellant reported on October 28, 1970, as ordered, to the induction center, where he submitted several letters from physicians indicating a potential existence of emotional or psychiatric problems. He also affirmatively answered a query regarding a history of treatment for syphilis.

It is unclear from the record as to the extent of the physical examination afforded appellant on the day he reported for induction. At least no report of a serological examination was recorded in the Selective Service file which was admitted in evidence. He was, however, pronounced physically qualified for military service, whereupon he refused to submit to induction. Prosecution and conviction followed.

██ It is contended by appellant that the order to report for induction issued September 21, 1970, was invalid as more than one year had elapsed since his qualifying physical. Reliance is placed on Army Regulation 40–501, Section 10–17 providing generally that medical examinations remain valid for a period of twelve months. This identical issue has been twice recently presented to this Court and found not to invalidate the order of induction. United States v. Wendt, 452 F.2d 679 (9th Cir. 1971); United States v. Brandt, 459 F.2d 1035 (9th Cir. 1972).

██ Error is predicated on the failure of the local board to review four letters of doctors indicating that appellant suffered from emotional or psychiatric problems. Suffice to say that the trial court found, based on substantial evidence, that the letters were never presented to the local board prior to De Liso's refusal of induction. Appellant thusly fails to bring himself within the purview of United States v. Miller, 455 F.2d 358 (9th Cir. 1972).

██ Further, appellant alleges that the failure to make serological tests at the time he reported on October 28, 1970, may have resulted in prejudice to him. It is argued that had his blood been tested and had syphilis been found present he would not have been inducted. As indicated above, there was no evidence as to whether or not blood tests were actually made. The record does reflect that the examining physician considered appellant's report of past venereal treatment and noted that it was not considered disqualifying. This is

---

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

consistent with applicable army regulations which provide that the mere presence of venereal disease is not disqualifying for induction unless it is "chronic venereal disease which has not satisfactorily responded to treatment". Army Regulations 40–501, § XXI, 2–42. No contention was made that De Liso's condition was active, chronic or unresponsive to treatment. The trial judge properly found no prejudice to appellant.

Finally appellant complains that the trial judge failed to exercise judicial discretion in passing sentence. The record clearly belies this contention.

We find no reversible error and therefore affirm the judgment appealed from.