**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas Francis JOHNSON, Defendant-Appellant.**

No. 72–1758.

United States Court of Appeals, Ninth Circuit.

Dec. 27, 1972.

Michael S. Kelley, Berkeley, Cal., for defendant-appellant.

Joseph Reeves, (argued), Fredric F. Tilton, Asst. U. S. Atty., James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before LUMBARD,* HAMLEY and WALLACE, Circuit Judges.

PER CURIAM:

Douglas Francis Johnson appeals from his conviction for refusing to submit to induction. For the reasons stated below we affirm.

Following the expiration of his student deferment in June of 1970, the board classified Johnson I–A. He then requested SSS Form 150 (application for classification as a conscientious objector) and a reopening of his classification. On July 16, 1970, he appeared before his local board, but, since he had not completed the form, his I–A classification was not changed. However, he was informed that his application would be reviewed as soon as he completed the form.

In September of 1970, Johnson returned the uncompleted form to his local board. At the same time he sent the board a letter which included a statement of his beliefs concerning war, the military, and the Selective Service System. The clerk of the local board noted the return of the blank form in Johnson's file, but made no attempt to bring the letter to the attention of the local board.

Four months later (January, 1971), the board mailed an order to report for induction. He refused to submit.

Johnson argues that he was denied due process of law because the 1969 draft lottery was not statistically random. This contention is foreclosed by the decision of this court in United States v. Kotrlik, 465 F.2d 976 (9th Cir. 1972).

Johnson contends that the induction order is invalid because the clerk of the local board did not bring to the attention of the board members the letter which accompanied the return of his blank conscientious objector form.

■ There is no prejudicial error in the failure of a local board to consider a request to reopen a classification unless the request presents facts which, if true, would justify a change in the classification. See United States v. McKinley, 447 F.2d 962, 964 (9th Cir. 1971).

United States v. Miller, 455 F.2d 358 (9th Cir. 1972), is not to the contrary. In Miller, the new information the board failed to consider was a ten-page, in-depth review of the defendant's psychiatric problems prepared by a private psychiatrist, and this served to supplement a substantial amount of information already in the file on this matter.

■ Johnson's letter, which accompanied the blank conscientious objector form which he returned to the local board, did not present a prima facie claim for a conscientious objector classification and it was not supplementary to any information already in his file concerning conscientious objections. Other than the bare statement that he considered himself to be a conscientious objector, the letter is exclusively devoted to an attack on the war in Vietnam, and upon the Selective Service System.

More than this is required to state a prima facie claim. See United States v. Johnson, 459 F.2d 591 (9th Cir. 1972); United States v. McKinley, supra; United States v. Weaver, 423 F.2d 1126 (9th Cir. 1970). The three tests which must be satisfied in order to warrant conscientious objector status are summarized in McKinley, 447 F.2d at 963. Johnson's letter presents no facts which even arguably satisfy these tests.

The recent Ninth Circuit decision in United States v. Jamison, 463 F.2d 1219 (9th Cir. 1972), is not to the contrary. In that case the defendant presented information concerning the sources of his conscientious objector views.

Affirmed.

* The Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Judicial Circuit, sitting by designation.