UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis Felipe CANTERO, Defendant-
Appellant.

No. 71-2289.

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1972.

Martha Goldin (argued), Alan Saltz-
man, of Saltzman & Goldin, Hollywood,
Cal., for defendant-appellant.

Leslie E. Osborne, Jr., Eric A. Nobles,
Asst. U. S. Attys., Robert L. Meyer, U. S.
Atty., Los Angeles, Cal., for plaintiff-
appellee.

Before CHAMBERS, MERRILL,
KOELSCH, BROWNING, DUNIWAY,
ELY, HUFSTEDLER, WRIGHT, KIL-
KENNY, TRASK, CHOY, GOODWIN
and WALLACE, Circuit Judges.

PER CURIAM:

This appeal is taken from conviction
of failure to report for induction into the
armed forces, a violation of 50 U.S.C.
App. § 462(a). The determinative ques-
tion upon appeal is whether appellant's
local board properly gave consideration
to his claim for a I–Y (physical disabili-
ty) classification.

Among the disqualifying physical con-
ditions warranting a I–Y classification
is "[b]ronchial asthma, except for child-
hood asthma with a trustworthy history
of freedom from symptoms since the
12th birthday." A.R. 40–501, ¶2–26b.

Appellant was classified I–A, and, fol-
lowing preinduction physical examina-
tion, was found physically acceptable to
the armed forces by the Armed Forces
Examining and Entrance Station
(AFEES). Appellant then provided the
local board with information, including a

physician's letter, which, if accurate, indicated that a change of classification to I–Y by reason of bronchial asthma was warranted. The local board ordered him to return to AFEES for further examination. AFEES adhered to its determination of acceptability. However, the local board did not reopen appellant's classification, and the record does not indicate that it gave any consideration to his medical claims other than to defer to the AFEES determination of acceptability.

 Under United States v. Miller, 455 F.2d 358 (9th Cir. 1972), this does not suffice. The rule that emerges from that case is that when a prima facie case for a I–Y classification has been presented, the classification must be reopened by the board and the question of reclassification must receive board consideration. In cases where, as here, a pre-induction physical examination has already been given and the registrant has been determined to be physically acceptable, it is proper for the board to refer the registrant back to AFEES for further examination and an appraisal of the new medical claims. However, the question of classification does not automatically follow from an AFEES determination of acceptability. The board itself must then act on the question. "While medical acceptability may be determined by AFEES * * * classification [may] not," United States v. Miller, *supra*, 455 F.2d at 360.[1] and the board's determination respecting classification "must be exercised in an intelligent manner, based upon a review of all the information then available to them, including information forwarded for medical evaluation." *Id.* at 360–361.

■ We conclude that the local board's failure to reopen and give the required consideration to appellant's medical claims rendered his retention in I–A improper.

Reversed. The opinions of this court in United States v. Clemence, 460 F.2d 320 (9th Cir., 1972), and United States v. Smith, 423 F.2d 559 (9th Cir. 1970), are overruled to the extent that they are inconsistent with this opinion.

KILKENNY, Circuit Judge, dissents.

---

1. Lending emphasis to this point, the court in *Miller*, 455 F.2d at 360, quoted from Eagles v. United States ex rel. Samuels, 329 U.S. 304, 315, 67 S.Ct. 313, 91 L.Ed. 308 (1946), as follows:

"It is plain that the local boards and the boards of appeal may not abdicate their duty by delegating to others the responsibility for making classifications. That is their statutory function."