**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lloyd Vincent ROLLINS, Defendant-
Appellant.**

**No. 72–1532.**

United States Court of Appeals,
Ninth Circuit.

March 2, 1973.

Rehearing Denied May 4, 1973.

Douglas J. Sorensen (argued), of Romines, Wolfman, Tooby, Eichner, Sorensen, Constantinides & Cohen, Menlo Park, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and GOODWIN, Circuit Judges, and CRARY,* District Judge.

---

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

CRARY, District Judge:

This appeal is from conviction, after non-jury trial, for violation of 50 U.S.C. App. § 462(a), refusal to submit to induction. The appellant alleges error as follows:

(1) The induction order was invalid because his local board failed to refer him to a medical advisor for interview after the board was notified of appellant's claim he was suffering from diabetes mellitus as set forth in his classification questionnaire, Selective Service Regulation, Section 1628.-2(b).[1]

(2) Appellant was prejudiced by the failure of his local board to provide an interview with the board's medical advisor.

Appellant registered with his local board on November 13, 1967. On February 8, 1968, he filed his classification questionnaire wherein he stated that he had a physical condition which, in his opinion, would disqualify him for service in the Armed Forces, "Diebeitis melitus (physician's statement sent 1/10/68." The Selective Service file evidences five reports on consultations between appellant or his parent and Doctors Dewey and Felsovanyi. The dates of these consultations appear to have been on April 1, April 3, April 13, June 5 and September 9, all in 1967. These reports were received by the local board on January 12, 1968. The first reference to the possibility of appellant suffering from diabetes appears in the third report where the doctor states: "probable pre-diabetes with hypoglycemic type of sugar tolerance curve and orthostatic hypotension." That report states the patient was placed on a modified protein diet and that he was to be rechecked in a few months. The last physician's report, dated September 9, 1967, being a report of Dr. Felsovanyi, states: "Seems to be feeling all right. He is very rude and hostile. Need not return."

On June 12, 1968, the appellant was classified I-A and ordered for pre-induction physical examination on June 30, 1969.

It appears from the doctor's report of September 9, 1967, supra, that there was no basis for determining that the appellant, when classified I-A on June 12, 1968, was suffering from a disqualifying ailment.

After appellant was ordered for pre-induction physical examination he was sent to the Armed Forces Examining and Entrance Station (AFEES) for further processing on August 19, 1969. On August 22, 1969, he underwent examination and a special series of tests at Letterman General Hospital, San Francisco, California, and was found acceptable for induction. The medical report and clinical record, dated August 26, 1969, in appellant's Selective Service file, contains the following entries: "* * * No evidence of diabetes mellitus, reactive hypoglycemia or postural hypotension * * * *Fit for induction.*" The report of 26 August 1969 also states the appellant had been told by a physician that "* * * he had diabetes although not confirmed by lab. tests; * * G. mother reportedly diabetic req. insulin for control."

The exhaustive tests made at Letterman General Hospital and the results of such tests and examination are set forth in detail in the Selective Service file and confirm the diagnosis that there was no evidence the appellant suffered from diabetes mellitus, reactive hypoglycemia or postural hypotension. He was first ordered to be inducted in April, 1970.

The record contains no basis in fact to support appellant's claim that he might

1. Whenever a registrant who is in class I-A, class I-A-O, or class I-O claims that he has one or more of the disqualifying medical conditions or physical defects which appear on the list described in Section 1628.1, the local board shall order him to present himself for interview with the medical advisor to the local board at the time and place specified by the local board by mailing to such registrant a Notice to Registrant to Appear for Medical Interview (SSS Form 219). 32 C.F.R. 1628.2(b). [Rescinded Aug. 20, 1970.]

have been classified I–Y if he had been referred to a medical advisor in June or July, 1968. The required significant possibility of classification I–Y is not present. United States v. Pace, 454 F. 2d 351, 356 (9th Cir. 1972).

The filing of the within opinion has awaited the en banc opinion of this Court in the case of United States of America v. D'Arcey, 471 F.2d 880 (9th Cir. 1972).

In the D'Arcey case, the AFEES, on July 18, 1967, reported the appellant, who had registered on March 18, 1967, "physically disqualified—re-examination believed justified." That examination was for voluntary enlistment in the Marine Corps. The record of the examination indicated that a question was raised concerning a claimed condition of hypoglycemia or hyperinsulinism. A statement of the registrant's physician, filed with the board about May 1, 1968, confirmed his claimed condition. The board did not order him to present himself for a medical interview but directed him to report for preinduction physical examination on June 27, 1968.

In ruling that the board's failure to order the registrant to present himself for interview with the medical advisor to the local board constituted a denial of due process, it is stated in the opinion:

"To the extent that any of them (cases cited) can be read as indicating that a local board, acting under form 32 C.F.R. § 1628.2(b) and related regulations, can deny a medical interview to a registrant who has *presented evidence* of disqualification before an examination by AFEES, we overrule them. We hold that a registrant is entitled to a medical interview prior to being ordered for a physical examination *when there is evidence* of a recognized disqualifying medical condition or physical defect that has not been the subject of a previous examination or evaluation by AFEES." [Emphasis added.]

In the case at bench, it appears the appellant had not " * * * presented evidence of disqualification before examination by AFEES * * * " nor was there " * * * evidence of a recognized disqualifying medical condition or physical defect * * * " presented to the board before examination by AFEES.

Assuming Rollins was entitled to a medical interview under the rule in D'Arcey, we conclude that the omission was harmless in view of the comprehensive examination given him in lieu of an interview and in view of the fact that an interview in the circumstances of this case could not have changed the result of the administrative proceedings.

We further conclude that the medical advisor could not have better protected the appellant's rights than to request the study and testing which he underwent, as noted above. It follows that the appellant was not prejudiced by not having a medical interview prior to being ordered for physical examination, as he received all the consideration and benefits that could have been afforded to him by any medical advisor.

Viewing the evidence most favorable to the Government, as we are required to do, the conviction of the appellant by the District Court is affirmed.

GOODWIN, Circuit Judge (specially concurring).

I concur in the affirmance.

I cannot agree, however, that Rollins forfeited his right to a medical interview for failure to present "evidence" of a disqualifying condition. The local board "shall" order a registrant to report for a medical interview if he "claims" a disqualifying defect. 32 C. F.R. § 1628.2(b). While United States v. D'Arcey, 471 F.2d 880 (9 Cir., 1972) (en banc), held that the registrant is entitled to a medical interview if he presents "evidence" of a defect, the pur-

pose of *D'Arcey* was to implement rather than to narrow Reg. 1628.2(b). In using the word "evidence," *D'Arcey* was merely stating the rule in light of the situation presented in that case.

Moreover, assuming that Rollins was required to submit some evidence of his claimed defect, I am not persuaded that he failed to do so. The initial reports of the doctor indicated that Rollins may have had the claimed condition. The final report may be interpreted to mean that the claimed condition has been determined not to exist, but an equally reasonable interpretation is that Rollins was asymptomatic under the diet prescribed and that he need not have returned unless his symptoms reappeared.

Nevertheless, I am in full accord with the result reached by my brethren. Normally, the fact that a registrant is subsequently found physically acceptable at the Armed Forces Entrance and Examination Station does not mean that he was not prejudiced by the denial of medical interview. As we stated in United States v. Baray, 445 F.2d 949 (9th Cir. 1971), and reiterated in *D'Arcey*:

> " * * * Unlike the preinduction physical examination in which hundreds of registrants may be examined by several doctors in a day's processing, the medical interview gives the registrant the opportunity to have a single doctor focus his attention on the registrant's condition and make a specific finding thereon * * *." 445 F.2d at 954.

Here, however, Rollins received an in-depth examination of his specific condition at Letterman General Hospital. This examination far exceeded any that could have been conducted in connection with a medical interview. See 32 C.F.R. § 1628.3(a) (1969). For this reason I believe that we would be elevating form over substance to treat the omission of the interview as a denial of due process.