**UNITED STATES of America,
Appellee,**

v.

**Glenn D. STOCKWELL, Defendant-Appellant.**

**No. 73–1102.**

United States Court of Appeals,
First Circuit.

Argued Sept. 11, 1973.

Decided Oct. 11, 1973.

Stephen W. Silverman, Springfield, Mass., for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from a conviction for refusing to submit to induction, 50 U.S.C. App. § 462(a). On March 17, 1970 appellant was classified 1–A; he requested neither a personal appearance nor an appeal of this classification. On April 20, 1970 the local board ordered him to report for a physical examination. The notice included the statement: "If you have any physical or mental condition which, in your opinion, may disqualify you for service, bring a physician's certificate describing that

condition, if not already furnished to your local board." When appellant reported for the physical on May 22, 1970, he brought a psychiatrist's letter, addressed to the local board, describing his mental condition and concluding that he was disqualified for induction into the Armed Forces under the provisions of ¶¶ 2–33 and 2–34 § XVI of Army Reg. 40–501.[1]

He was then referred by the Armed Forces Examining and Entrance Station (AFEES) to an Army psychiatrist who found appellant "fit for duty". A surgeon with the Department of the Army later reviewed appellant's medical file and determined that he was medically qualified. On July 10, 1970 the local board, without reviewing the medical file which had been forwarded to them by AFEES, and based on the Statement of Acceptability ordered appellant to report for induction on August 18, 1970.

Appellant's first contention is that his conviction must be reversed because the failure of the local board to reopen his classification and consider his case for medical deferment rendered his induction order invalid. His second contention concerns a post-induction order claim for C.O. classification and a challenge based on the board's failure to communicate its reason for refusing to reopen his classification. We deal only with his first contention, because, while recognizing that this case requires us to do some fine line drawing, we believe appellant's argument to be sound.

■ The district court placed a great weight on appellant's failure to request a medical deferment or to appeal his 1–A classification. However, personal request[2] is not the only way to instigate reopening of a registrant's classification. The board may reopen on its own motion.[3] While there is wide discretion in the board in ruling on the merits of a reclassification request, the board is more limited when deciding to reopen a case:

> "Even if the local board denies the requested classification, there is a crucial difference between such board action and a simple refusal to reopen the classification at all . . . .
>
> [W]hether or not a reopening is granted is a matter of substance, for with a reopening comes the right to be heard personally and to appeal." Mulloy v. United States, 398 U.S. 410, 414–415, 90 S.Ct. 1766, 1770, 26 L.Ed. 2d 362 (1969).

This circuit has ruled that there is no logical basis for differentiating between a registrant's filed request and information from other sources which indicates a nonfrivolous ground to reopen. United States v. Ford, 431 F.2d 1310, 1312 (1st Cir. 1970). This holding is reinforced in appellant's case, for the order to appear for the physical stated: "If you have any physical or mental condition which, in your opinion, may dis-

---

1. The Army Regulations list as cause for rejection for induction personality disorders including:

   "a. *Character and behavior disorders*, as evidenced by

   (1) . . . antisocial attitudes or behavior which, while not a cause for administrative rejection, are tangible evidence of an impaired characterological capacity to adapt to military service.

   &ast; &ast; &ast; &ast; &ast;

   "b. *Character and behavior disorders* where it is evidence of history and objective examination that the degree of immaturity, instability, personality inadequacy, and dependency will seriously interfere with adjustment in the military service as demonstrated in school, with employers and fellow-workers, and other society groups." Army Regulation 40–501.

2. The local board may reopen the registrant's file on request of the registrant, the government appeal agent, any person claiming to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment. 32 C.F.R. § 1625.3(a).

3. The local board may reopen upon its own motion "if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification." 32 C.F.R. § 1625.2(b).

qualify you from service in the Armed Forces, bring a physician's certificate describing that condition, if not already furnished to your local board." We can readily understand how a registrant might reasonably interpret such a notice as indicating that bringing a physician's letter to AFEES was a permissible alternative to requesting a deferment from the local board. The letter appellant provided was addressed to the board and AFEES did as a matter of course send the letter along with its own findings to the local board.

██ "Though the language of 32 C.F.R. § 1625.2 is permissive, it does not follow that a board may arbitrarily refuse to reopen a registrant's classification . . . . [W]here the registrant has set out new facts that establish a prima facie case for a new classification, a board must reopen to determine whether he is entitled to that classification. Not to do so . . . is an abuse of discretion." Mulloy v. United States, 398 U.S. 410, 415–416, 90 S.Ct. 1766, 1770, 26 L.Ed.2d 362 (1969). The test for such a prima facie case is the assertion of "nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification . . . unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file." Id. at 416, 90 S.Ct. 1766 at 1771.

██ The district court found the local board to have acted properly on the grounds that "A simple letter from a doctor in contradiction to the Armed Forces Examining and Entrance Sta-

tion's medical finding that the registrant is fit for duty does not require [sic] a prima facie claim for a medical deferment." In so holding it relied on this court's opinion in United States v. King, 455 F.2d 345 (1st Cir. 1972). Reliance on that case was misplaced. In King two of the asserted challenges to the validity of the induction order were based on claims for medical deferment and the failure of the board to reopen. There were two letters not introduced in evidence at the trial which allegedly were brought to the physical examination and indicated a stomach condition. No testimony indicated that the condition these letters were supposed to describe was a disqualifying one. United States v. King, 455 F.2d 345, 349 (1st Cir., 1972). In this case, however, both in appellant's file and introduced in evidence was a detailed letter which included the psychiatrist's conclusion that the registrant was disqualified for service. The second medical claim in King was that a statement on Forms 88 and 89 that King "takes psychedelic drugs during 2–½ years" made out a prima facie claim of a "personality disorder" which would entitle him to a medical deferment. Id. at 349. The problem with both King's claims was that they were too brief, that they indicated summary conclusions and therefore foreclosed meaningful evaluation. Id. This led to our conclusion in King that there was nothing brought to the attention of the board which permitted serious examination. In the present case, however, a sufficiently detailed psychiatrist's letter, addressed to the board, was provided and was accompanied by a conclusion diametrically opposed to that of AFEES.[4] It cannot be said that the

---

4. The psychiatrist's letter states that he undertook a one hour diagnostic interview, records the medical history given by appellant and then states some of the psychiatrist's own observations. Some of those observations follow:

"In terms of his emotional adjustment he tends to be timid, passive and ineffectual * * * Although he sees himself as mild mannered and wanting to avoid fights, there is

an undercurrent of angry resentment of what he considers unwarranted curtailment of his personal freedom, particularly by his father and other authority figures. He tends to express this hostility in passive ways, by inefficiency, helplessness, obstructionism, and neglect of his own hygiene and health. It was striking that in his interview with me, he seemed to lose the train of thought, with blocking, difficulty in maintaining an orderly pat-

opinion of Stockwell's psychiatrist is "conclusively refuted by other reliable information", simply because AFEES found him "fit for service".[5] Put another way, we think the existence in the file of contradictory expert opinion specifically directed to the board, concerning a registrant's medical condition precludes a finding of conclusive refutation, unless the opinion of the registrant's physician is facially superficial. The most relevant authority, United States v. Miller, 455 F.2d 358 (9th Cir. 1972), would support a requirement that the board examine and evaluate all AFEES files forwarded to the board for classification. We need not reach that point.[6] In this case not only did the board fail to go through such a process, it did not even take note of a letter addressed to it. Where the AFEES file contains a letter, brought by the registrant pursuant to information in the examination notice, and containing a detailed statement addressed to the board, the board has a duty of reexamining the file.

Of course, the board has the discretion to reject the psychiatrist's opinion and accept the AFEES advice. But to do so it must reopen, examine the file and rule on the merits. It would thereby preserve the registrant's right to appeal. The final decision cannot be left to AFEES: "While medical acceptability may be determined by AFEES, 32 C.F.R. § 1628; Vasilj v. United States, 425 F.2d 1134, 1136–1137 (9th Cir. 1970), classification is not. The classification process is discretionary and demands that the board take an overall view, and form a composite picture of the registrant under applicable physical, mental and moral standards . . . . The board's failure to review new information submitted by appellant is not consistent with the demands thus imposed . . . . [T]he board's discretion to reopen must be exercised in an intelligent manner, based upon a review of all the information then available to them, including information forwarded for medical evaluation." United States v.

---

tern of associations, and he appealed to me several times to help him remember what he had started talking about. The overall impression was that there was a marked impairment of functioning due to severe anxiety."

The doctor then sets forward his diagnosis of anxiety reaction, and his prognosis of increased ineffectuality due to appellant's apprehensions about the imminent possibility of facing military service. He concludes that appellant "is disqualified for induction into the Armed Forces under the provisions of paragraphs 2–33 and 2–34, Section XVI of AR 40–501."

5. The AFEES report also recorded history given by appellant describing it as having been "rather rhetorical . . . almost a rehearsed tale". It states the following as the examining psychiatrist's complete observations:

"Mr. Stockwell is a rather disorganized looking young man with long, dishevelled hair, with a good deal of rambling and repetitiousness as described above. However, formal mental status reveals good memory, excellent difficult arithmetical performance, and fair conceptual thinking. His theme is rather unbelievable in the somewhat timeliness of the psychological

phenomenon described. It is significant to note that except for the standard experiences described, he is unable to really validate much of his history. Diagnosis: No particular diagnosis found. I suspect strongly that this man may be malingering, unless there is some adequate, objective validation. He admits that he saw a psychiatrist one month ago, who only was able to report in his statement that bit of history as presented to him himself.

Recommendation: Fit for duty."

6. We fail to understand the government's reliance on two other 9th Circuit cases. In Vasilj v. United States, 425 F.2d 1134 (9th Cir. 1970), decided prior to *Miller, supra,* the doctor's letter said the registrant suffered from conditions which would not have entitled the registrant to a different classification. Nor was the information in the doctor's letter new as the board had seen the same contention made by the registrant. In United States v. DeLiso, 468 F.2d 813 (9th Cir. 1972), decided subsequent to *Miller,* the physician's letters were not presented at the preinduction AFEES physical but at the induction center during the induction physical and so never reached the board. The court specifically said that this case did not fall within the purview of *Miller.* Id. at 814.

Miller, 455 F.2d 358, 360 (9th Cir. 1972).

 This case falls squarely within our decision in *Ford, supra.* Here as in that case the information in the doctor's letters evidenced apparently competent medical advice and concluded with the opinion that appellant was entitled to a different classification. The failure of the board to consider the letter was not cured by the Army psychiatric examination. 431 F.2d at 1313. The local board failed in its duty to exercise its broad discretion, and the appellant was deprived of his procedural rights to appear and appeal within the Selective Service system. As a result the appellant's conviction cannot stand. Mulloy v. United States, *supra.*

Reversed.

LEVIN H. CAMPBELL, Circuit Judge (dissenting).

This is a close case, and I can appreciate the court's position. Nonetheless, I think it unreasonable and perhaps even slightly outrageous to have expected the Board to treat as a request to reopen a doctor's letter which was not transmitted to it by appellant or someone on his behalf. The Board might naturally assume that if appellant wanted it, apart from AFEES, to consider his mental suitability, he or someone on his behalf would have told it so. I agree with our holding in *Ford, supra,* that it is of little consequence whether the Board receives such a request to reopen from the registrant, his physician or someone else; further, the request need not be formal: it is enough if a request may be inferred from information sent. But I do not think that a Board should be faulted for not on its own leafing through medical files received from AFEES and spotting a *prima facie* claim. Especially since appellant never evinced any further desire to pursue the matter before the Board, I see no reason to treat the induction order as void. Its nullification in these circumstances seems an undeserved windfall.

485 F.2d—45