**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gregg Marshal DAVIS, Defendant-Appellant.**

**No. 72–1827.**

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1973.

Rehearing Denied Oct. 15, 1973.

Steven M. Kipperman (argued), of Kipperman, Shawn & Keker, San Francisco, Cal., for defendant-appellant.

Joseph Reeves, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., Frederic F. Tilton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before LUMBARD,* HAMLEY and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Davis appeals from his conviction for refusing to submit to induction in violation of 50 App.U.S.C. § 462(a). We affirm.

---

* Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

On November 19, 1968, his local board classified Davis 1–A. In December, he returned an executed Selective Service Form 127 (Current Information Questionnaire) indicating that he had a split right femur and that a doctor's letter would follow. On December 9, 1968, the local board received Dr. Sidney Stovall's letter which stated that Davis had suffered a fracture of the distal right femur in 1964, and that his leg had been in a cast for approximately two months. After removal of the cast, rehabilitation was begun. X rays later confirmed that the fracture had healed without incident. Dr. Stovall last saw Davis on May 8, 1965, about six months after the injury. He observed at that time that Davis continued to have atrophy or wasting of the muscles, but that he was regaining range of motion. Dr. Stovall was not aware of Davis's current condition. However, there is no indication in the letter that his leg would not have fully recovered in the intervening three and one-half years.

At all times in question, atrophy could be a disqualifying defect "if progressive or of sufficient degree to interfere with military service." Army Reg. 40–501, § VII, ¶ 2–11f. During 1968, 32 C.F.R. § 1628.2(b) [1] provided that, whenever a registrant who was classified 1–A claimed to have a disqualifying defect, the local board should order him to appear at an interview with the board's medical advisor. Davis's local board failed to do so. Instead it ordered him to submit to an AFEES (Armed Forces Entrance and Examination Station) physical examination. Ultimately, AFEES determined that Davis was qualified for induction. The local board ordered him to report for induction. He reported but refused to submit.

■ Davis requests reversal of his conviction, asserting two errors. First he argues that United States v. Miller, 455 F.2d 358 (9th Cir. 1972), requires the local board to review new information which might result in reclassification. However we noted in United States v. Cantero, 471 F.2d 1190, 1191 (9th Cir. 1972) (en banc), that the *Miller* rule applied when a prima facie case for reclassification had been presented. Davis claimed that he had had a broken leg. But his doctor reported that the fracture had healed and that Davis had commenced recovery almost four years prior to his claim. This combination falls short of the requirement that Davis present *"facts* which warrant a classification other than 1–A." United States v. Enslow, 426 F.2d 544, 546 (9th Cir. 1970); *see* 32 C.F.R. § 1622.10. Thus he did not present a prima facie claim and there was no prejudice in the board's failure to consider it. United States v. Johnson, 473 F.2d 677, 678 (9th Cir. 1972); United States v. McKinley, 447 F.2d 962, 964 (9th Cir. 1971). [2]

■ Alternatively Davis contends that the local board's failure to refer him to its medical advisor for an interview invalidated his induction order. *See* 32 C.F.R. § 1628.2(b). Assuming Davis was entitled to that interview, United States v. D'Arcey, 471 F.2d 880 (9th Cir. 1972) (en banc), "we conclude that the omission was harmless." United States v. Rollins, 475 F.2d 97, 99 (9th Cir. 1973). Davis was given not only the normal AFEES physical on January 17, 1969, but he was also examined by an orthopedic specialist on February 25, 1969. Unlike a preinduction physical, the specialist's consultation gave Davis "the opportunity to have a single doctor focus his attention on the registrant's individual condition and make a specific finding thereon." United States v. Baray, 445 F.2d 949, 954 (9th Cir. 1971). *See also* United States v. D'Arcey, *su-*

1. § 1628.2 was amended by Exec.Order No. 11553, 35 Fed.Reg. 13719 (Aug. 28, 1970).

2. *But see* United States v. Kelly, 473 F.2d 1225 (9th Cir. 1973). *Kelly* appears to reach a contrary result, but it failed to mention either *McKinley* or *Johnson*. This may be because Kelly presented a prima facie claim. *See* United States v. Bingham, 484 F.2d 365, 366 n. 1 (9th Cir. 1973).

*pra,* 471 F.2d at 883. "It follows that the appellant was not prejudiced by not having a medical interview prior to being ordered for physical examination." United States v. Rollins, *supra,* 475 F.2d at 99.

Affirmed.