UNITED STATES of America,
Plaintiff-Appellee,

v.

David Nathaniel NORMAN, Defendant-
Appellant.

No. 23082.

United States Court of Appeals
Ninth Circuit.

June 26, 1969.

Carol Smith, Los Angeles, Cal., (argued) and Robert J. Schmorleitz, No. Hollywood, Cal., for appellant.

James E. Shekoyan, (argued) Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant appeals from an order of the district court denying his motion to set aside the judgment of conviction, and for permission to withdraw his plea of guilty to the charge of violating the Universal Military Training and Service Act by refusing to perform civilian work as ordered by the Selective Service System, Local Board No. 118, Gardena, California, after appellant had been classified I–O [conscientious objector.]

Following his refusal to perform civilian work, appellant was indicted for the offense above stated. At the time of his arraignment the district court appointed counsel to represent him. Appellant consulted with his court appointed counsel, and after extensive inquiry by the district court, he entered a plea of guilty to the charge in the indictment and was sentenced to the custody of the Attorney General for a term of three years. Prior to the entry of the guilty plea, appellant was fully advised by the district court, orally and in writing, of all of his legal rights and the nature of the charge pending against him, and the maximum punishment provided for such offense.

Shortly after the imposition of sentence, appellant substituted retained counsel in place of court appointed coun-

sel and moved the district court to set aside the judgment of conviction and for permission to withdraw the guilty plea. Following evidentiary hearing before the district court, his motion was denied.

Appellant makes no contention on this appeal that his guilty plea was not freely, voluntarily and intelligently entered. He contends that he was denied his right to have the assistance of counsel for his defense under Amendment Six to the United States Constitution, in that his court appointed counsel was so lacking in diligence and competence that appellant was without effective representation preceding and following the entry of his guilty plea.

At the evidentiary hearing appellant's court appointed counsel testified that he did not examine appellant's Selective Service System file prior to the entry of appellant's guilty plea; that he did not consider it necessary to do so since appellant had asked the Draft Board for, and had received, a I–O classification; that he discussed the question of defenses with appellant and was not advised of any, and that appellant stated that he desired to plead guilty to the offense charged.

Appellant urges that court appointed counsel's failure to examine the Selective Service System file manifested, on his part, a lack of diligence and competence as an attorney which operated to deprive appellant of a defense to the charge which might have otherwise been available to him.

Appellant calls attention to several claimed procedural errors of the Local Draft Board appearing in appellant's Selective Service System file. We need only consider one of them.

The Selective Service file discloses that appellant was classified I–O by the State Appeal Board on August 23, 1966, and that by letter dated February 2, 1967, received by the Local Board on February 6, 1967, and prior to the issuance of any order of the Local Board requiring appellant to report for civilian work, appellant requested a change of classification to 4–D [minister]. In the course of that letter appellant stated that he had repeatedly asked the Local Board for a

"classification of 4–D' or a ministers (sic) exemption from not only service in the armed forces, but also exemption from any civilian work that would be a compromise of my stand as a minister of Jehovah's Witnesses for total exemption from military service."

In the letter appellant enclosed additional information bearing upon his classification. No action was taken by the Local Board with respect to appellant's letter except to place it in his Selective Service file.

The pertinent Selective Service Regulations [Title 32 C.F.R.] in relevant parts provide:

§ 1625.2

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * *, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *."

§ 1625.4

"When a registrant, * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. * * *."

■ Clearly, the failure of the Board to act upon appellant's request for reclassification is contrary to the language and spirit of the above regulations. A duty rests upon the Board, when it receives any written request to reopen a registrant's classification, to either reopen or refuse to do so. See Mizrahi v. United States, 409 F.2d 1219 (9th Cir. 1969). In case the Board decides not to reopen, the Board is required to advise the registrant requesting such classification that the information submitted does not warrant reopening, and a copy of such letter is placed in the registrant's file. As stated in our *en banc* decision in Petrie v. United States, 407 F.2d 267, 275 (9th Cir. 1969):

> "Although it might be properly determined in reopened proceedings that the registrant was not entitled to placement in the newly requested classification, the registrant's right to a reopening is not an insignificant right. The Regulations provide no means for administrative review of a local board's decision not to reopen a registrant's classification. *E. g.*, Stain v. United States, 235 F.2d 339, 343 (9th Cir. 1956). In contrast, '[w]hen the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified.' 32 C.F.R. § 1625.11. The Regulations specifically grant to the registrant the right thereafter to take his case to the appeal board. 32 C.F.R. § 1625.13. The registrant's important right to administrative review of the local board's *evaluative* decisions is thereby expressly preserved. These are the reasons which make it obligatory for the board to reopen upon the presentation of a prima facie showing." (Emphasis in original).

■ We believe that the failure of appellant's court appointed counsel to make any examination whatsoever of appellant's Selective Service System file, before undertaking to advise appellant on how to plead to the charge of the indictment, deprived appellant of effective legal representation. We believe that an adequate showing of manifest injustice has been made, and that Norman is entitled to have his judgment of conviction and guilty plea vacated. Rule 32(d) F.R.Cr.P.

The judgment appealed from is reversed.