UNITED STATES of America,
Plaintiff-Appellee,

v.

Ray Beldon ENSLOW, Defendant-
Appellant.

No. 24806.

United States Court of Appeals,
Ninth Circuit.

April 30, 1970.

Michel F. Willey (argued), San Francisco, Cal., for defendant-appellant.

Jerry Cimmit (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Paul G. Sloan, Jerrold M. Ladar, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY, HAMLIN and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant Ray Beldon Enslow was indicted on January 15, 1969, for refusal to submit to induction in violation of section 12 of the Military Selective Service Act of 1967, 50 U.S.C.App. § 462. After a jury trial appellant was found guilty and sentenced to six months in the custody of the Attorney General. He filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

On December 22, 1964, shortly after he turned 18, appellant registered with Local Board 180 in Peoria, Illinois. In his initial Classification Questionnaire (SSS Form 100) he did not indicate any conscientious objector claim, but in a Form 100 submitted to the local board on January 19, 1965, appellant affixed his signature to Series VIII, that portion of Form 100 dealing with conscientious objection.[1] In addition to signing this

---

1. "Series VIII.—Conscientious Objector (Do Not Sign This Series Unless You Claim Exemption as a Conscientious Objector)

By reason of religious training and belief I am conscientiously opposed to participation in war in any form and hereby request that the local board furnish me a Special Form for Conscientious Objector (SSS Form No. 150).

. . . . . . . . . . . . . . . .
(Signature)"

section appellant also crossed out the words "By reason of religious training and belief" which preface the CO claim and accompanying request for Form 150 contained in Series VIII. After receiving II–S deferments as an undergraduate at New College, Sarasota, Florida, and as a Danforth Foundation and Columbia Faculty Fellow in philosophy at Columbia, appellant withdrew from school in January, 1968, and was classified I–A. His appeal of this reclassification was denied by the Illinois State Appeal Board. On May 15, 1968,[2] the local board mailed Form 150—the special form for conscientious objector claims—to appellant's then current address in Cambridge, Massachusetts, but the letter was returned by the Post Office, stamped "Unknown." A Form 150 was then sent to appellant's parent's address in Peoria. Appellant never filed a Form 150 with his local board. Appellant refused induction in Oakland, California, on December 4, 1968.

▮▮▮ At the trial and on appeal, appellant's defense is grounded solely on the contention that section 6(j) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 456(j), creating an exemption from military combatant service for conscientious objectors,[3] is unconstitutional as applied to deny CO exemption to a conscientious objector whose views are not the product of "religious training and belief." However, even if section 6(j) is unconstitutional on First Amendment, due process or equal protection grounds insofar as it denies exemption to the sincere non-religious conscientious objector,[4] a question we do not reach, such a holding would be of no comfort to appellant. Section 1623.1(b) of the Selective Service regulations, 32 CFR § 1623.1(b), requires that the local board determine a registrant's classification solely on the basis of official forms and other written information in the registrant's file. See also section 1625.2. The burden is on the registrant to establish *facts* which warrant a classification other than I–A. See section 1622.10 and Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969). Having failed to give the local board *any facts*,[5] upon which they could determine his conscientious objector claim, he cannot now, after this complete bypass of the local board, raise the failure to grant the exemption as a defense in a prosecution for refusal to report for induction. See Welsh v. United States, *supra* n. 4, 404 F.2d at 1086. See also, McKart v. United States, 395 U.S. 185, at 198 n. 15, 89 S.Ct. 1532, 23 L.Ed.2d 51 (1969).

▮▮▮ Appellant's suggestion that Local Board Memorandum No. 41[6] is suffi-

2. 32 C.F.R. § 1623.2 provides that the registrant shall be placed in the lowest class for which he is eligible. Class II–S is lower than either Class I–O or I–A–O and many local boards thus do not consider CO claims until student deferments have been lost or exhausted.

3. "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term 'religious training and beliefs' does not include essentially political, sociological, or philosophical views, or a merely personal moral code."

4. This question is now pending before the United States Supreme Court in United States v. Sisson, 297 F.Supp. 902 (D. Mass.), probable jurisdiction noted, 396 U.S. 812, 90 S.Ct. 92, 24 L.Ed.2d 65 (1969), and Welsh v. United States, 404 F.2d 1078 (9th Cir. 1968), cert. granted, 396 U.S. 816, 90 S.Ct. 53, 24 L.Ed.2d 67 (1969).

5. We do not view the conclusory statement contained in Series VIII, Form 100, as a *fact* establishing a prima facie case for exemption.

6. Local Board Memorandum 41.
   "2. What Constitutes a Claim of Conscientious Objection.
   —*A registrant should be considered to have claimed conscientious objection to war if he signed Series VII [sic] of the*

cient to give him standing to raise the constitutional issue is not well taken. LBM No. 41 is a direction to the local board to consider for possible CO exemption all those who file some written statement claiming that status. It does not change the general rule of Selective Service procedure that the burden is on the registrant to apprise the local board of *facts* which warrant a classification other than I–A. See section 1622.10. This court does not sit as a "super draft board," Witmer v. United States, 348 U.S. 375, 380, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955), and questions of the validity of the denial of a CO exemption, even based on an erroneous or unconstitutional reading of the statutory exemption, are reviewed by the courts only when *facts* supporting the claim for exemption are first tendered to the local board. See McKart v. United States, *supra*, at 198 n. 15, 89 S.Ct. 1532. Questions concerning the correct application of the legal standard, *see, e. g.,* Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955), or of the constitutionality of the exemption as applied, *see, e. g.,* United States v. Seeger, 326 F.2d 846 (2nd Cir. 1964), aff'd on other grounds, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), have been reviewed in this posture in the past, and we see no circumstances in the instant case which justify a different result here.

We recognize that a similar question as to the standing of an individual registrant to challenge the constitutionality of section 6(j) in the absence of the submission of a Form 150 to the local board was raised in United States v. Sisson, *supra* n. 4, and was there resolved in favor of the registrant. Even if we were to follow *Sisson* in this regard, a doubtful proposition in light of Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969) [en banc], and McKart v. United States, 395 U.S. 185, 89 S.Ct. 1532 (1969), that case is distinguishable. As stated by this court in Bishop v. United States, *supra*, at 1066, "The ultimate question in a conscientious objector case is, of course, the sincerity of the registrant's objection to participation in war." In *Sisson*, Judge Wyzanski made extensive findings of fact with regard to Sisson's sincerity and conscientious objector views. Here, on the contrary, no evidence was presented to the local board by the filing of Form 150 or otherwise, and no evidence was offered at the trial (other than the clearly insufficient excerpt set out in the margin [7]), as to the nature of appellant's beliefs or the sincerity with which they were held.

Affirmed.

---

Classification Questionnaire (SSS Form No. 100), if he has filed a Special Form for Conscientious Objector (SSS Form No. 150), or if he has filed any other written statement claiming that he is a conscientious objector."

7. "Q: [by appellant's counsel] Ray, I direct you to Page 4 of the form and ask you—and specifically to Series 8, 'Conscientious Objector'; at the time you were eighteen, did you feel you were conscientiously—did you have a conscientious objection to war?
"A: [by appellant] Yes.
"Q: Speak up, Ray.

"A: Yes.
"Q: And I note on the form that you deleted the section, 'By Reason of Religious Training and Belief.'
"A: That's right.
"Q: Why did you do that?
"A: Well, I didn't feel that that described the basis of my—my objection.
"Q: All right. Would you say that the basis of your objection is some sort of a personal moral code, or can you define it?
"A: I wouldn't know exactly how to define it—yes, you could say that. I mean that would be one way to describe it."