**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Glen CURRIER, Defendant-
Appellant.**

**No. 71–1649.**

United States Court of Appeals,
Ninth Circuit.

Jan. 17, 1972.

Martha Goldin (argued), of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Elgin C. Edwards, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. and Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and NIELSEN, District Judge.*

PER CURIAM:

Appellant was convicted after a non-jury trial of refusing induction, thus violating 50 U.S.C. App. 462. He seeks reversal on several grounds; none has validity.

■■ He first claims deprivation of due process in failure to properly consider his alleged medical disabilities, homosexuality and high blood pressure. Although he checked the affirmative box next to homosexual at his 1965 examination, he was nevertheless then found qualified, and at his reexamination in 1970 he did not even check this box indicating either recovery from or invalidity of his original claim. The claim of high blood pressure was not raised below and may not thus be raised on appeal. Morales v. United States, 373 F.2d 527

---

* Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

(9th Cir. 1967). See also United States v. Sowul, 447 F.2d 1103 (9th Cir. 1971) and United States v. Shunk, 438 F.2d 1204 (9th Cir. 1971).

Appellant's second claim is that he should have been considered for a ministerial exemption because prior to reporting for induction he left a card with the draft board identifying him as a minister of the Universal Life Church; however, he did nothing further and a registrant must *request* a new classification. United States v. Wendt, 452 F.2d 679 (9th Cir. 1971); United States v. Robley, 423 F.2d 613 (9th Cir. 1970).

The final contention is that Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) invalidated Selective Service Regulation § 1642.15 (32 C.F.R. 1642.15) under which he had been sent a continuing duty letter after failing to report for induction in 1968. The *Gutknecht* decision wholly fails to support this contention. See United States v. Ritchey, 423 F.2d 685 (9th Cir. 1970).

Affirmed.