**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patrick Donald KELLY, Defendant-Appellant.**

**No. 72-1767.**

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1973.

---

Ralph Johansen (argued), Berkeley, Cal., for defendant-appellant.

Robert E. Carey, Jr., Chester G. Moore, III, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and SMITH, District Judge.*

PER CURIAM:

Appellant appeals from his conviction for refusing to submit to induction into the Armed Forces in violation of 50 U. S.C. App. § 462(a). We reverse because the local board clerk's failure to transmit to the local board members information in support of appellant's high school deferment was prejudicial error amounting to a denial of procedural due process.

The facts are uncontroverted by either party. Appellant registered with Local Board No. 59 in Santa Cruz, California on November 25, 1968. A completed Current Information Questionnaire (SSS Form 100) was returned on May 12, 1969 and was accompanied by a note indicating that .appellant intended to complete his one remaining semester of high school in September of that year. On June 16, 1969, Kelly was classified I–A (available for military service) by the local board. No appeal was taken from this classification. On August 6, 1969, the local board was notified by the principal of the Santa Cruz Adult Education Program that appellant had registered for two classes and that upon satisfactory completion he would receive his high school diploma by June, 1970. The board took no action on this information, and on July 24, 1970, appellant was mailed an induction order, with a reporting date of August 12, 1970, which was subsequently changed to November 25, 1970. Appellant's refusal to submit to induction on that date precipitated his prosecution and eventual conviction.

The appropriate procedure for reopening and reconsidering a registrant's classification is governed by 32 C.F.R. § 1625.2, which, in pertinent part, provides:

"The local board may reopen and consider anew the classification of a registrant (a) upon written request of the registrant, . . . if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; . . . provided, . . . the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control."

If the board concludes that the information fails to present any new facts not considered when the registrant was previously classified or that the new information, even if true, does not justify

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

a classification change, it is barred from reopening the registrant's classification. 32 C.F.R. § 1625.4. Upon such a determination, the local board must advise the registrant by letter that the new information does not warrant the reopening of his classification. In addition, a copy of the letter must be placed in the registrant's file. *Id.*

■ Of particular significance in Kelly's case is 32 C.F.R. § 1622.1(c) requiring "the local board [to] receive and consider all information, pertinent to the classification of a registrant, presented to it." This requirement ensures that the local board members will exercise their discretionary responsibilities and most importantly, their crucial classification function in an informed manner. Consequently, all relevant communications from or concerning registrants must be forwarded to the members by local board clerical personnel.

■ The record in this case is devoid of any indication that the local board members ever received or considered the information relating to appellant's resumption of his high school education. No mention of any action can be found in the minutes of the meetings of the local board. Nor is there a copy of any letter from the local board advising appellant that the information concerning his registration for high school does not warrant reopening as required by 32 C.F.R. § 1625.4. From such a silent record we cannot assume that the board members received and considered this information.

Our disposition of this case is controlled by United States v. Norman (9th Cir. 1969) 412 F.2d 629. In *Norman* no action was taken by the local board with respect to appellant's letter requesting a 4–D (minister) classification except to place it in his Selective Service file. In reversing appellant's conviction for refusal to perform civilian work, we noted:

"Clearly, the failure of the Board to act upon appellant's request for reclassification is contrary to the language and spirit of [32 C.F.R. §§ 1625.2, .4]. A duty rests upon the Board, when it receives any written request to reopen a registrant's classification, to either reopen or refuse to do so. *See* Mizrahi v. United States, 409 F.2d 1219 (9th Cir. 1969). In case the Board decides not to reopen, the Board is required to advise the registrant requesting such classification that the information submitted does not warrant reopening and a copy of such letter is placed in the registrant's file." United States v. Norman, *supra,* 412 F.2d at 631.

■ Our holding in *Norman* is reinforced by Mulloy v. United States (1970) 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 , *Mulloy* emphasized the critical importance of the classification reopening procedure in the Selective Service process. Although the language of 32 C.F.R. § 1625.2 is permissive, a local board may not arbitrarily refuse to reopen a registrant's classification. Thus, where a registrant sets out new facts that establish a prima facie case for a new classification, the board must reopen to determine whether he is entitled to that classification. Otherwise, this is an abuse of discretion. 398 U.S. at 415–416, 90 S.Ct. 1766. Obviously, the board must have before it all information pertaining to the claim to determine whether a prima facie case has been made. Failure to consider the facts presented is, therefore, no less a violation of a registrant's right to procedural due process than is a refusal to reopen after presentation of a prima facie case for a requested deferment.[1]

---

1. *See, e. g.,* United States v. Mathews (1st Cir. 1971) 450 F.2d 439; United States v. Ford (1st Cir. 1970) 431 F.2d 1310; Helden v. Laird (S.D.N.Y.1969) 306 F. Supp. 1351; United States v. Prescott (D.N.H.1969) 301 F.Supp. 1116.

The *Ford* court observed that although "the board is given wide discretion whether or not to reopen a case . . ., it is far from obvious that a clerk should have the power to determine what the board should see as a basis for exercising its

Had the board received the new information it might have reclassified appellant. The board's failure to consider the information was prejudicial. (*Cf.* United States v. Ward (9th Cir. 1971) 445 F.2d 261.)

Reversed.

discretion. . . . If the reposing of discretion in the board is to have meaning and substance, it must be that the facts prerequisite to the exercise of judgment come to its attention." 431 F.2d at 1311–1312 (footnote omitted).