**UNITED STATES of America,**
**Appellee,**

v.

**Michael Francis O'NEILL, Appellant.**

**No. 72-1995.**

United States Court of Appeals,
Ninth Circuit.

April 2, 1973.

Martha Goldin, Atty. (argued), Alan Saltzman, Saltzman & Goldin, Hollywood, Cal., for appellant.

D. Henry Thayer, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Michael Francis O'Neill appeals from a conviction for refusal to submit to induction in violation of 50 U.S.C. App. § 462(a).

Appellant registered with Local Board No. 82 in 1967, and the board classified him 1–A in 1969. He was ordered to report for induction on August 4, 1969, but was found unacceptable because of pending criminal charges.

In September, 1970, he was ordered to report for an induction physical and, when he failed to report, became available for induction pursuant to Local Board Memorandum No. 106. On March 11, 1971, the board mailed appellant a Notice to Report for Induction on March 24, 1971. He failed to report on that date.

Appellant's father died on January 23, 1971. On March 22, 1971, appellant informed Vera Fleck, the local board's executive secretary of the death of his father. He said that his imminent induction would result in a hardship for his mother. Appellant was given a Dependency Questionnaire.

On March 23, the complete questionnaire was filed, together with a statement from appellant's mother, a letter from a doctor, and a letter from an attorney. Vera Fleck prepared a summary of the appellant's hardship claim on a "call sheet." She read the summary over the telephone to three members of the local board. The board members were telephoned individually. Each decided the registrant's classification should not be reopened nor his induction postponed. Appellant was informed of this determination by telephone and letter. He was advised to report for induction as ordered.

█ A registrant, to be granted a reopening of his classification after an induction order is issued, must make two *prima facie* factual showings. First, he must show that there has been a change in his status resulting from circumstances beyond his control. 32 C.F.R. § 1625.2 prohibits reopening without a specific finding by the local board of such a change. Second, he must present facts which would justify a different classification. United States v. Stacey, 441 F. 2d 508, 510 (9th Cir. 1971); United States ex rel. Brown v. Resor, 429 F.2d 1340, 1343 (10th Cir. 1970). Appellant states he satisfied both conditions.

Appellant contends the procedure used was unauthorized and does not meet the requirements of 32 C.F.R. § 1625.2. He makes three arguments:

1) 32 C.F.R. § 1625.2 requires the local board to "specifically" find the newly sought classification resulted from a change in circumstances over which the registrant had no control. The converse is also true. Where the classification is not reopened, the board must specifically find that the claim is either factually

* Honorable Otto R. Skopil, Jr., United States District Judge, District of Oregon, sitting by designation.

insufficient or matured before he received the induction order. United States ex rel. Brown v. Resor, 429 F.2d at 1343.

2) The board's discretion to reopen must be based on a review of *all* the information available to it, not on selective information furnished by the executive secretary. United States v. Miller, 455 F.2d 358, 360–361 (9th Cir. 1972); United States v. Ford, 431 F.2d 1310 (1st Cir. 1970).

3) The board's procedure in permitting the executive secretary to give some of the board members a summary of the new information received over the telephone and making a brief notation in the minutes of action does not satisfy the requirements of either (1) or (2). The members of the board did not consider, discuss, or vote as a board on appellant's claim. This failure to act as a board violates the reopening procedure. United States v. Walsh, 279 F.Supp. 115, 120–121 (D.Mass.1968).

The procedure by which a local board must determine whether a registrant meets both of his *prima facie* burdens presents difficult problems. Here, the determination was made by separate telephone calls between the clerk and three of the board members.

A similar procedure was held invalid in United States v. Walsh, *supra*. There a registrant was declared delinquent after refusing to submit to a physical examination required by his 1–A–O classification. He sought to have the board reopen and reconsider his case. If he submitted new facts which made out a *prima facie* case for a different classification, the local board was required to reopen his case.[1] The court found it was unnecessary to decide "whether the addi-

tional facts presented by the defendant required the local board as a matter of law to reopen and consider anew the defendant's classification. The defendant, however, was entitled under 32 C.F.R. § 1625.4 to have such additional facts considered by the local board." Id. at 120–121. The court found the failure to meet to consider, discuss, and vote as a board violated the implicit requirements of 32 C.F.R. § 1604.52(d).[2]

■ In order to properly perform their classification function, the local board members must receive and consider all relevant communications from or concerning registrants. 32 C.F.R. § 1622.1(c);[3] United States v. Kelly, 473 F.2d 1225 (9th Cir., 1973). Mulloy v. United States, *supra*, also emphasized the importance of the classification reopening procedure and held a local board may not arbitrarily refuse to reopen a registrant's classification.

■■ Appellant's board did not act arbitrarily. It attempted to accommodate his last-minute request.[4] We cannot say that his claim was so lacking in merit that there was no reasonable basis to reopen his case. When a registrant presents a non-frivolous claim for a classification change after receipt of his induction order, the local board members must consider all of the new information in order to determine whether the dual *prima facie* burden has been met. United States v. Kelly, *supra*. The presentation of selective information by the clerk in separate telephone conversations with only three members of the board does not fulfill the requirements. This failure violated § 1604.56 and was prejudicial.

---

1. *Accord,* Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

2. Now 32 C.F.R. § 1604.56, which provides in pertinent part:

    "A majority of the members of the local board shall constitute a quorum for the transaction of business. A majority of the members present at any meeting at which a quorum is present

shall decide any question of classification. Every member present, unless disqualified, shall vote on every question or classification."

3. § 1622.1(c) in effect at the time herein, and is now 32 C.F.R. § 1622.1(a).

4. The Selective Service System is not precluded from establishing timeliness rules, but no such rules existed in this case.

Since we reverse on reopening requirement grounds, we need not reach the question of whether appellant met his dual *prima facie* burden.

Reversed.