**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter Scott CLIFFORD, Defendant-
Appellant.**

No. 72-2082.

United States Court of Appeals,
Ninth Circuit.

May 25, 1973.

Sull Lawrence (argued), Beverly Hills, Cal., for defendant-appellant.

Joel Levine, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and BURNS, District Judge.*

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

DUNIWAY, Circuit Judge:

## OPINION

Clifford was convicted of failing to submit to induction into the armed forces, 50 U.S.C. App. § 462(a). We affirm.

The pertinent facts are these:

Over a period of about a year, Clifford completed 20 hours of study at a junior college in Bakersfield, California. On November 3, 1970, he was classified I–A by his local board. He did not appeal this classification. Shortly thereafter, the board received a certificate from Pierce College in Los Angeles, stating that Clifford was enrolled for 12½ units as a first year student. The certificate states "Submission of this form does not constitute a request for deferment." On November 27, 1970, Clifford requested a Form 150 for conscientious objectors which he returned, completed, on January 6, 1971. On February 2 the board reopened his classification and retained him in I–A. The minutes of the board for that date contain the notation. "I–A —Late Filing. Moral Background poor." Again, Clifford did not appeal.

■ Clifford's only argument in this court is that his induction order was invalid because his board did not consider the Pierce College certificate. There is nothing in Clifford's selective service file that shows whether or not the board considered it. But it did reopen and reconsider his classification. It is presumed that the local board complies with its duty to review the registrant's entire file when it classifies him. United States v. Gress, 9 Cir., 1972, 464 F.2d 1002, 1005; Skinner v. United States, 9 Cir., 1954, 215 F.2d 767, 768. It follows from these cases that if Clifford's board was required to look at the certificate by 32 C.F.R. § 1622.1 or any other regulation, we must presume that it did so. Our recent decision in United States v. Kelly, 9 Cir., 1973, 473 F.2d 1225 is not to the contrary. There, the board did not reopen after it received new information from Kelly. Here, the board did reopen.

■ Clifford does not claim that the information in the Pierce College certificate was sufficient to require reopening. It did not make out a *prima facie* case. If Clifford had thought it sufficient, he had a remedy by appeal from the February 2, 1971 reclassification. He did not appeal.

Nor are 32 C.F.R. §§ 1625.2 and 1625.4, as interpreted in United States v. Norman, 9 Cir., 1969, 412 F.2d 629 of any help to Clifford. Clifford argues that these regulations give a local board only two alternatives upon receipt of new information relating to a registrant's classification: it can either reopen on the basis of that information or send the registrant a letter stating that the information does not warrant reopening. Its failure to do either lifts the presumption of administrative regularity and ambiguities regarding what the board actually did will be resolved in favor of the registrant.

■ The rule in this circuit is that neither section 1625.2 nor section 1625.4 is triggered unless "a written request to reopen and consider anew the registrant's classification" is submitted. Shaw v. United States, 9 Cir., 1959, 264 F.2d 118. Moreover, in this circuit the request cannot be implicit. The leading case on the point is Taylor v. United States, 9 Cir., 1960, 285 F.2d 703 (in banc), in which the registrant submitted information that he had taken a position as a part-time minister which could lead to full-time ministerial work. The court rejected his argument that the board should have reopened on the basis of this information, not because it did not establish a *prima facie* case, but because: "Taylor did not request that the classification be reopened. He advised, but did not request." 285 F.2d at 704. To the same effect are United States v. Currier, 9 Cir., 1972, 453 F.2d 1242; United States v. Robley, 9 Cir., 1970, 423 F.2d 613; United States v. Weldon, 9 Cir., 1969, 422 F.2d 800, 801; Hoapili v. United States, 9 Cir., 1968, 395 F.2d 656; Storey v. United States, 9 Cir., 1966, 370

F.2d 255; Shaw v. United States, *supra.* *See also* Comment, Judicial Development of the Law of Selective Service Reopening, 69 Mich.L.Rev. 1074, 1089–95 (1971) (remarking upon this court's restrictive reading of the written request requirement and rejection of implicit requests for reopening).

Although none of the above cases discusses the issue in depth, their cumulative effect is to make it clear that the certificate sent by Pierce College was not a written request to reopen. It was merely new informaton provided by a third party without a specific statement regarding reclassification. Indeed, the form itself states that it did not constitute a request for a deferment. The case thus falls within the language of *Taylor*: there was advice but no request. It follows that Clifford is not entitled to the benefit of the regulations upon which he relies, the presumption of regularity prevails, and his conviction should be affirmed. In *Norman, supra*, there was a written request to reopen.

So far as appears from the opinion in *Kelly, supra*, neither the presumption of regularity nor the requirement that there be a specific request to reopen were even considered in that case.

Affirmed.