**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kimberly Stiles BINGHAM, Defendant-Appellant.**

**No. 72-2688.**

United States Court of Appeals, Ninth Circuit.

May 7, 1973.

As Amended Aug. 31, 1973.

Michael S. Kelley (argued), Berkeley, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., James Bruen, Chester G. Moore, III, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

WALLACE, Circuit Judge:

Bingham was convicted for failing to report for induction in violation of 50 U.S.C.App. § 462(a). We affirm.

---

I

██ ██ Bingham first contends that his conviction must be reversed because the clerk who, subsequent to sending him an order to report, received Selective Service Forms 127 and 217 failed to submit them to the local board for its consideration. In the Form 127 (Current Information Questionnaire), he stated he was a pacifist. To constitute reversible error, the registrant must have presented a prima facie case for reopening. United States v. Stacey, 441 F.2d 508, 510 (9th Cir. 1971). Here there was none. His statement that he was a pacifist fell far short of establishing a prima facie claim. See United States v. McKinley, 447 F.2d 962, 963 (9th Cir. 1971). The requisite of new information not previously supplied is totally lacking as his conscientious objector status had been considered and rejected twice before by the board. See Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). Finally, the form fails to show a change of circumstances beyond Bingham's control subsequent to the order of induction. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); 32 C.F.R. § 1625.2.

Bingham is not aided by United States v. Kelly, 473 F.2d 1225 (9th Cir. 1973). There we stated:

> Thus, where a registrant sets out new facts that establish a prima facie case for a new classification, the board must reopen to determine whether he is entitled to that classification.

Id. at 1227. Here there were no new facts—the same claim was presented twice before and twice rejected. Also, there was no prima facie showing for a new classification.[1]

---

* Honorable Robert J. Kelleher, United States District Judge, Los Angeles, California, sitting by designation.

1. Although both *Kelly* and *Bingham* involve 32 C.F.R. § 1625.2, Kelly presented his claim prior to mailing of the induction order while Bingham presented his after. The regulation describes the two possibilities differently. The board *may* consider Kelly's claim, but Bingham's classification *shall not* be reopened absent changed circumstances beyond his control. The Supreme Court has held that the regulation "bars post-notice reopening" without non-volitional changes. Ehlert v. United States, 402 U.S. 99, 104, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

On the back of the Form 217 (right to appeal), which Bingham returned to his local board, he requested a personal appearance. As this was not made within the required thirty days, his contention of error is without merit. 32 C.F.R. § 1624.1(a).

## II

Bingham next contends that he was denied due process because he was misled by the board. Bingham had refused to submit to induction some eighteen months prior to the induction order he violated in this case. He was warned that the United States Attorney would be handling his case, but he was never prosecuted. He argues the board should have told him there would be no prosecution for this earlier infraction.

In addition to the correspondence referred to above, during this eighteen months, the board mailed Bingham a Form 150 (conscientious objector), a notice of 1-A classification, and an order to report. When the Forms 127 and 217 referred to above were returned to the board, the clerk immediately wrote Bingham requesting that he notify the board whether he was withdrawing his conscientious objector claim or if he desired another Form 150. He never replied and did not report.

The board did not mislead Bingham. If based upon these facts, he could not surmise that he was not to be indicted after his first failure to report, he certainly should have inquired. *See* United

States v. Timmins, 464 F.2d 385, 387 (9th Cir. 1972). We specifically reject the rule proposed by Bingham that the board was under an absolute duty to advise him that he was not to be prosecuted for his first failure to report.

## III

Bingham also contends that the local board's actions violated the mandate of a letter from the State Director. Due to a procedural error and after Bingham first refused induction, the State Director wrote the local board, requesting that Bingham be classified anew "to reopen his rights of personal appearance and appeal" and that he be given another opportunity to complete Form 150 and to present information to support his claim.

Whether Bingham can charge error in the board's alleged failure to follow the directions contained in this letter depends upon the power and duties of the State Director. 32 C.F.R. § 1604.12 provides that he "shall be responsible for carrying out the functions of the Selective Service System in his State." In particular, 32 C.F.R. § 1612.11 requires the director to supervise *registration*. That section appears in part 1612 which is entitled "Registration Duties." There is no equivalent section in parts 1621–23, all of which concern classification. For "[i]t is the local board's responsibility to decide, subject to appeal, *the class* in which each registrant shall be placed." 32 C.F.R. § 1622.1(c). (Emphasis add-

This difference appears to us to be significant and provides another reason why *Kelly* is distinguishable. This approach is also consistent with other Ninth Circuit cases upholding convictions despite *post*-notice claims which were not prima facie showings and were not acted upon by the local board. *See* United States v. Lanier, 470 F.2d 1368 (9th Cir. 1972); United States v. Greene, 456 F.2d 256 (9th Cir.) (dictum), cert. denied, 406 U.S. 977, 92 S.Ct. 2425, 32 L.Ed.2d 677 (1972). *But see* United States v. O'Neil, 476 F.2d 295 (9th Cir. 1973), which failed to cite *Lanier* and *Greene*.

We need go no further than to hold *Kelly* does not apply to the facts in this

case. We note that our court has apparently reached a conclusion different from *Kelly* in prior cases which treated *pre*-notice claims. *See* United States v. Johnson, 473 F.2d 677 (9th Cir. 1972); United States v. McKinley, 447 F.2d 962 (9th Cir. 1971). Each of those cases involved a claim presented prior to mailing of the order which the board did not act upon. In fact, the *McKinley* board did not meet at all during the critical period. Neither claim made a prima facie showing and in each case, we upheld the conviction because there was no prejudice.

ed.) [2]   Still the State Director has the limited review permitted by 32 C.F.R. § 1625.3(a) which allows him to direct the reopening of a registrant's classification. If he does, then "[t]he local board shall reopen and consider anew the classification. . . ." 32 C.F.R. § 1625.3 (a).

Here the State Director, citing § 1625.3 in his letter, requested reopening of Bingham's classification. Bingham does not contend that the board failed to reopen. However, the State Director also stated that Bingham should again be furnished an opportunity to establish a conscientious objector claim. The local board, upon receipt of the letter, mailed Bingham a Form 127. It was not timely returned. One month later, the board reclassified him 1-A. Bingham argues that these actions did not constitute sufficient compliance with the letter's mandate.

█ █ Does the director have the power to require certain *classification* procedures? Undoubtedly he may require a reopening as he did in this case. However, the local board controls classification, subject only to appeal and mandated reopening. The State Director has no authority to specify procedures in the classification of a particular registrant. *See* United States v. Pace, 454 F.2d 351, 355 (9th Cir. 1972); United States v. Kohls, 441 F.2d 1076, 1078–1079 (9th Cir.), cert. denied, 404 U.S. 844, 92 S. Ct. 142, 30 L.Ed.2d 79 (1971). His remarks pertaining to classification are advisory only and, therefore, there was no error.[3]

## IV

Bingham's final argument is that the board's failure to comply with Local Board Memorandum No. 41 [4] requires reversal. If a registrant signed Series VIII on Form 100 (Classification Questionnaire), the memo provided that he "should be considered to have claimed conscientious objection . . ." and that the "local board will make every effort to secure a completed" Form 150. Bingham had signed Series VIII. The board sent him a Form 150, but he did not return it.

We have previously characterized Memorandum No. 41 as a "housekeeping measure." [5] Furthermore we have considered it a "direction" which "does not change the general rule of Selective Service procedure that the burden is on the registrant to apprise the local board of *facts* which warrant a classification other than I-A." United States v. Enslow, 426 F.2d 544, 546 (9th Cir. 1970). "We do not view the conclusory statement in Series VIII, Form 100, as a fact establishing a prima facie case for exemption." *Id.* at 545 n. 5.

█ Like Bingham, Enslow signed Series VIII but failed to return a completed Form 150. We upheld Enslow's conviction despite the applicability of Memorandum No. 41, because "[h]aving failed to give the local board *any facts*, upon which they could determine his conscientious objector claim, he cannot now, after this complete bypass of the local board, raise the failure to grant the exemption as a defense in a prosecution for refusal to report for induction." 426 F.2d at 545 (footnote omitted). *See* United States v. Lloyd, 431 F.2d 160, 167–168 (9th Cir. 1970), cert. denied, 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971). We see no basis for distinguishing this case from *Enslow* and therefore reject Bingham's final argument.

---

2. Appeals may be taken either to the appeal board or the President. *See* 32 C.F.R. parts 1626–27. *See also* 50 U.S. C.App. § 460(b)(3).

3. Had the State Director the power to dictate classification procedures, we would hold there was substantial compliance in this case.

4. The memorandum was rescinded on August 24, 1970.

5. United States v. Sanders, 470 F.2d 937, 939 n. 1 (9th Cir. 1972). We have also characterized the interviews proposed by the memorandum as "'courtesy' appearances . . . without statutory authority." United States v. Hayden, 445 F.2d 1365, 1374 (9th Cir. 1971).

Bingham's failure to exhaust his administrative remedies cut off judicial review of his conscientious objector claim. McGee v. United States, 402 U.S. 479, 488–491, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

Affirmed.