**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Robert THROWER, Defendant-Appellant.**

**No. 72-2789.**

United States Court of Appeals, Ninth Circuit.

July 13, 1973.

Rehearing Denied Sept. 18, 1973.

---

Richard L. Patsey (argued), Gladstein, Leonard, Patsey & Andersen, San Francisco, Cal., for defendant-appellant.

Robert C. Carey, Jr., Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., Joseph E. Reeves, Chester G. Moore, III, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

This appeal is from a judgment of conviction of failure to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462(a). We affirm.

Appellant registered for the draft on October 5, 1966. On August 20, 1968, he was classified 1-A, and on March 28, 1969, was ordered to report for his pre-induction physical on April 23, 1969. At his physical appellant reported suffering from various ailments, including depression, and claimed that he was a homosexual. However, appellant did not substantiate his ailment claims with letters or other evidence and was found acceptable for induction. Subsequently, on May 5, 1969, appellant submitted to his local board a psychiatrist's letter, the contents of which are described below. The next day, May 6, 1969, the psychiatrist's letter was forwarded by the clerk of the board to the Armed Forces Examining and Entrance Station (AFEES). After review of the letter on May 7, 1969, AFEES requested that the local board direct appellant to return to AFEES for a psychiatric consultation on May 20, 1969. On that date appellant's file was reviewed by AFEES and once again appellant was found acceptable for induction. Notice of acceptability was mailed to appellant on June 23, 1969. On December 3, 1969, appellant reported for induction at which time his papers, including the letter of May 5, 1969, were reviewed by AFEES and neuro-psychiatric examination of appellant was administered; once again appellant was found acceptable for induction. He was prosecuted for refusal to be inducted.

The determinative question upon appeal is whether the psychiatrist's letter submitted by appellant to his local board constituted new information and required a review of that letter by the local board in accordance with United States v. Miller, 455 F.2d 358 (9th Cir. 1972).

As noted above, the letter in question was reviewed by the Senior Medical Officer at AFEES; however, appellant's local board never considered or passed upon the letter.

The applicable portions of the letter which was sent by a practising psychiatrist and professor of psychiatry provided as follows:

"He has been troubled with episodes of depression especially in the last one to two years. Related to this, he has had difficulty at college and has transferred from a junior college to the University of Missouri where he could not satisfy academic requirements, returning back to the junior college and after graduating then, [sic] has recently dropped out again from the University of Missouri.

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

*     *     *     *     *     *

"There have been certain family problems in terms of his communication with his parents and recent physical violence between he and his father. [sic] In November of 1968 he moved out of his family home and while living alone in an apartment suffered overt paranoid ideation, feeling that he could trust no one and that even his friends were against him . . .

"In light of these developments in his emotional state, in my opinion, this man is not a fit candidate for military service at this time. I have advised that he consider some psychiatric treatment."

At the time the letter was received appellant was, and for some time past had been, classified 1-A. Thereafter he was ordered to report for induction, which he refused.

Appellant relies upon three sections of the pertinent Army Regulation AR 40–501, which sets forth disqualifying physical conditions, as follows:

Section 2–33a(3),

". . . Loss of time from normal pursuits for repeated periods even if of brief duration . . . .;"

Section 2–33a(4),

"Symptoms or behavior of a repeated nature which impaired school or work efficiency."

Section 2–33b,

"History of a brief psychoneurotic reaction or nervous disturbance within the preceding 12 months which was sufficiently severe to require medical attention or absence from work or school for a brief period. . . ."

Measuring the contents of the letter against the quoted regulations, the question presented on review is whether or not there was thereby presented new information upon which appellant was entitled to consideration by the board as a basis for reclassification.

Since we must assume that all the factual statements in the psychiatrist's letter are true, the question then is whether there is substantial evidence in the record to support the trial court's finding that no *prima facie* claim was established for a change in appellant's 1-A classification. *See* Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). However, if such information submitted does not constitute a *prima facie* claim, the local board is not required to reopen and failure to do so is not prejudicial error. United States v. McKinley, 447 F.2d 962 (9th Cir. 1970).

The doctor's letter may be characterized as setting forth a minimal finding and diagnosis, but surely not a determination that appellant had a history of psycho-neurotic reaction. The recital of the doctor consists substantially of a finding that the appellant had some difficulties with school, was depressed, and experienced episodes of family problems. None of this is at variance with, nor in addition to, the findings with regard to the pre-induction physical examination theretofore had by appellant on April 23, 1969. During the course of that earlier examination appellant claimed to have had dizziness or fainting spells, frequent trouble sleeping, frequent or terrifying nightmares, depression or excessive worry, nervous trouble of some sort, a drug or narcotic habit, and homosexual tendencies. He further then indicated that he could not cope with school. All of these defects had been considered and evaluated previously, and appellant was found acceptable for induction. It cannot then be said that the doctor's letter constitutes new information such as to bring it within the applicable Army Regulations so as to have made a *prima facie* case requiring the board to reopen his classification. The failure of the board to consider the letter, since it contained nothing new, constitutes no deprivation of procedural due process. *See* United States v. Kelly, 473 F.2d 1225 (9th Cir. 1973); United States v. Bingham, 484 F.2d 365 (9th Cir., 1973).

Affirmed.